Paul FISH, Respondent

v.

COMMISSIONER OF the MINNESOTA DEPARTMENT OF HUMAN SERVICES, Appellant,

Roseau County Social Services, Appellant.

No. A07–0798.

Court of Appeals of Minnesota.

May 6, 2008.

Steven E. Huglen, Law Office of Steven A. Anderson, P.A., Warroad, MN, for respondent.

Lori Swanson, Attorney General, Robin Christopher Vue–Benson, Assistant Attorney General, St. Paul, MN, for appellant Commissioner of the Minnesota Department of Human Services.

Lisa B. Hanson, Roseau County Attorney, Roseau, MN, for appellant Roseau County Social Services.

Considered and decided by SHUMAKER, Presiding Judge; TOUSSAINT, Chief Judge; and, WILLIS, Judge.

## OPINION

SHUMAKER, Judge.

This is an appeal from a district court judgment reversing the order of the Commissioner of the Minnesota Department of Human Services (commissioner) and concluding that respondent could properly deduct monthly social security disability insurance from his income when calculating the monthly spend-down for medical assistance and that respondent qualified for the home-maintenance deduction set out in Minn.Stat. § 256B.0575 (2006). We reverse the district court's determination regarding the monthly spend-down deduction and hold that the commissioner was correct in finding that the applicable law disallows a deduction. However, we agree with the district court's conclusion that the commissioner erred and that respondent may utilize the home-maintenance deduction, and affirm in part.

## FACTS

In 2002, as a result of extensive floods, President Bush designated Lake of the Woods County a federal disaster area. Respondent Paul Fish was severely injured while removing insulation from a flood-damaged home in the area and is now legally blind and a quadriplegic.

Fish entered a long-term care facility in November 2002, stayed for a month, and then went into a hospital. On January 28, 2003, he returned to the long-term care facility. Because of his injury, Fish was paid RSDI.

On March 1, 2004, Fish became eligible for medical assistance through Roseau County, his place of residence. He applied for such assistance, and the county notified him of the amount of his monthly "spend-down," which is the sum a recipient has to spend on medical care before attaining an eligible income level. The county also deducted no sums for Fish's home maintenance. Fish challenged those determinations and appealed to the commissioner.

Fish argued, before the commissioner, that the county's income calculation was incorrect for two reasons. First, his SSDI benefits, referred to generally as RSDI by appellants and the court, should not have been counted as income because they relate to injuries Fish received while work-

ing in a federal disaster area and thus are excludable under the Disaster Relief and Emergency Assistance Act (DREAA). Second, his home-maintenance costs for three months should have been deducted from the calculation as well. The commissioner determined that the county's calculation was correct and also rejected Fish's later request for reconsideration.

Fish then appealed to the district court. After procedural issues had been resolved, the court entered its order on February 12, 2007, reversing the commissioner's determinations and holding that Fish's RSDI benefits are exempt for purposes of calculating his income level respecting medical-assistance eligibility and that he is entitled to reimbursement for home-maintenance costs that the county should have treated as deductions from income in making its calculations. The commissioner and the county appealed from that order.

## ISSUES

1. Did the district court err in its determination that Fish's monthly social security disability insurance benefit is not income for purposes of calculating the medical assistance spend-down amount?

2. Did the district court err in its determination that Fish is eligible for a home-maintenance deduction under the language of Minn.Stat. § 256B.0575 (2006)?

## ANALYSIS

### I.

■ Appellants commissioner and county first argue that the district court erred in determining that Fish's monthly disability benefit is exempt as income for purposes of calculating medical assistance eligibility.

■ In this appeal, we review the commissioner's order, and we give no def-erence to the district court's decision. *Estate of Atkinson v. Minn. Dep't of Human Servs.*, 564 N.W.2d 209, 213 (Minn.1997); *Johnson v. Minn. Dep't of Human Servs.*, 565 N.W.2d 453, 457 (Minn.App.1997). Our review, authorized by statute, requires us to decide whether the commissioner's decision was

(a) in violation of constitutional provisions; or

(b) in excess of the statutory authority or jurisdiction of the agency; or

(c) made upon unlawful procedure; or

(d) affected by other error of law; or

(e) unsupported by substantial evidence in view of the entire record as submitted; or

(f) arbitrary or capricious.

Minn.Stat. § 14.69 (2006). The burden is on the party challenging the commissioner's decision to show that the decision should be reversed on at least one of those six grounds. *Atkinson*, 564 N.W.2d at 213. When reviewing such decisions, we must exercise judicial restraint, lest we substitute our judgment for that of the agency. *In re Excess Surplus Status of Blue Cross & Blue Shield of Minn.*, 624 N.W.2d 264, 277 (Minn.2001). However, this appeal involves a question of law, which we review de novo. *St. Otto's Home v. Minn. Dep't. of Human Servs.*, 437 N.W.2d 35, 39–40 (Minn.1989).

Appellants contend that the commissioner's determination that Fish's RSDI benefit is income for medical assistance purposes was correct. Fish contends that those benefits are to be excluded under 42 U.S.C. § 1382a(b)(11) (2000), which exempts from income "assistance received under the [DREAA] or other assistance provided pursuant to a Federal statute on account of a catastrophe which is declared to be a major disaster by the President." The commissioner held that the benefits

are not exempt under the federal law because Fish received the benefits "on account of his physical condition only. The fact that he became injured while he was working in a federal disaster area is irrelevant to his receipt of RSDI."

■ Courts are to give effect to a statute's plain meaning. Minn.Stat. § 645.08(1) (2006). The object of all statutory interpretation is to ascertain and to give effect to the legislature's intent. Minn.Stat. § 645.16 (2006). We construe a statute "to give effect to all its provisions." *Id.* "[N]o word, phrase, or sentence should be deemed superfluous, void, or insignificant." *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (quotation omitted). Federal law exempts from income "assistance provided pursuant to a Federal statute *on account of* a catastrophe" declared a major disaster by the President. 42 U.S.C. § 1382a(b)(11) (emphasis added). "On account of" is synonymous with "because of." *Webster's New World College Dictionary* 128 (4th ed. 2002) (defining "because of" as "on account of").

Fish's RSDI benefits are not paid "on account of" the disaster and are not related to the DREAA. Rather, the benefits are paid because of his injury, which coincidentally he sustained while working in a disaster area. *See* 42 U.S.C. § 423(a)(1)(A)-(E) (2000 & Supp. V 2005) (listing criteria for disability insurance benefits, none of which relate to the place at which the disability occurred).

Thus, RSDI benefits are not paid "on account of" or "because of" a federal disaster, but instead are predicated on a disabled person's satisfaction of eligibility criteria, irrespective of the place of injury. The federal regulation interpreting the treatment of income received because of a disaster is instructive here, stating:

We do not consider other assistance to be income if you receive it under the [DREAA] or under another Federal statute because of a catastrophe which the President declares to be a major disaster or if you receive it from a State or local government or from a disaster assistance organization. For example, you may receive payments to repair or replace your home or other property. 20 C.F.R. § 416.1150(c) (2007). A lifelong disability payment, such as RSDI, is not within the purview of the statute.

We find Fish's argument to the contrary unpersuasive. He contends that because he was injured in a federal disaster area, he is receiving RSDI "on account of" that federal disaster. But we must read 42 U.S.C. § 1382a(b)(11) in context of the entire provision. *See In re Appeal of Staley,* 730 N.W.2d 289, 299 (Minn.App.2007) ("Our regard for the whole statute works to ensure that an isolated portion of a statute is not interpreted inconsistently with other portions of the same statute."). The applicable provision excludes from countable income "assistance received under the [DREAA] or other assistance provided pursuant to a Federal statute on account of a catastrophe which is declared to be a major disaster by the President." 42 U.S.C. § 1382a(b)(11). The assistance contemplated is either that received under the DREAA or is comparable assistance. We conclude that RSDI is not the type of "other assistance" contemplated by the law.

Because the district court erred in reversing the commissioner's decision that Fish's monthly RSDI benefit is countable income for purposes of determining the spend-down amount for medical assistance, we reverse on that issue.

**II.**

■ Appellants also argue that the district court erred in determining that the

home-maintenance deduction set forth in Minn.Stat. § 256B.0575 (2006) applies to Fish. They contend that the statutory language bars Fish from qualification for a home-maintenance deduction from his available income. "The construction of a statute or a regulation is a question of law to be determined by the court." *Denelsbeck v. Wells Fargo & Co.,* 666 N.W.2d 339, 346 (Minn.2003). "When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous." *Schroedl,* 616 N.W.2d at 277. A statute is ambiguous only when its language is reasonably subject to more than one interpretation. *Id.* "While this court is not bound by an agency's conclusions of law, the manner in which an agency has construed a statute may be entitled to some weight when the statutory language is technical in nature and the agency's interpretation is one of longstanding application." *Lolling v. Midwest Patrol,* 545 N.W.2d 372, 375 (Minn.1996).

Minnesota law requires that medical-assistance recipients who are in a long-term care facility contribute all available income, except for a personal-needs allowance and a few additional deductions, toward the cost of that facility. Minn.Stat. § 256B.0575. The statute begins, "*[w]hen an institutionalized person is determined eligible* for medical assistance, the income that exceeds the deductions in paragraphs (a) and (b) must be applied to the cost of institutional care." *Id.* (emphasis added). It continues:

(b) Income shall be allocated to an institutionalized person for a period of up to three calendar months, in an amount equal to the medical assistance standard for a family size of one if:

(1) a physician certifies that the person is expected to reside in the long-term care facility for three calendar months or less;

(2) if the person has expenses of maintaining a residence in the community; and

(3) if one of the following circumstances apply:

(i) the person was not living together with a spouse or a family member as defined in paragraph (a) when the person entered a long-term care facility; or

(ii) the person and the person's spouse become institutionalized on the same date, in which case the allocation shall be applied to the income of one of the spouses.

For purposes of this paragraph, a person is determined to be residing in a licensed nursing home, regional treatment center, or medical institution if the person is expected to remain for a period of one full calendar month or more.

*Id.*

Appellants argue that the statute allows the home-maintenance deduction only for the first three months of institutionalization, while Fish contends that it applies for the first three months after becoming eligible for medical assistance. The commissioner found that the deduction did not apply because Fish "did not reside in a nursing home for three calendar months or less." Fish resided in the long-term care facility from January 2003 until spring 2004. But he was not deemed eligible for medical assistance until March 2004, at which time he fit the statutory criteria for a home-maintenance deduction: his physician certified that he was expected to reside in the long-term care facility for less than three months, Fish still maintained his home in the community, and he was living alone at the time of his injury.

Appellants read the word "when" as used in the first sentence of the statute to mean "if." But *The American Heritage Dictionary* defines "when" as "[a]t what

time," "[a]t the time that," "[a]s soon as," "[w]henever," "[w]hat or which time," "[t]he time or date," and "[w]hereas." *The American Heritage Dictionary* 926 (4th ed. 2001). The word "when" connotes a temporal element. The applicable definitions refer to an event occurring at a specific time. Here, the district court was correct in holding that the statute does not state that when an institutionalized person enters a long-term care facility he or she may immediately take a home-maintenance deduction or forfeit it, but instead that it provides that the significant event is the time at which that person is deemed eligible for medical assistance.

Appellants argue that to the extent this statute is ambiguous, we should defer to the agency as the expert in this case. But this statute is not ambiguous, nor is the interpretation of "when" technical in nature. *See Lolling,* 545 N.W.2d at 375 (holding that a reviewing court gives deference to an agency's interpretation when the term is technical).

A statute's plain language is the touchstone of legislative intent, and when the plain language is "clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16. We hold that Minn.Stat. § 256B.0575 allows a person in a long-term care facility who fits the statutory criteria for a home-maintenance deduction to take that deduction at the point at which he or she becomes eligible for medical assistance. Because we conclude Fish was qualified for the home-maintenance deduction and that the commissioner's decision barring him from using the deduction was based on an error of law, we affirm the district court on this issue.

## DECISION

We reverse the district court's determination regarding Fish's monthly deduction and hold that the commissioner correctly decided that Fish is barred by 42 U.S.C. § 1382a(b)(11) (2000) from deducting his monthly disability benefits in calculating his medical assistance spend-down amount. But because we conclude that the commissioner erred in its determination that the home-maintenance provision is inapplicable to Fish, we affirm the district court's decision on that issue and hold that Minn.Stat. § 256B.0575 (2006) predicates eligibility for a home-maintenance deduction upon eligibility for medical assistance, whenever it may occur.

**Affirmed in part and reversed in part.**